```
                                                    U.S. FILED
                                                    SAVANNAH DIST. COURT
                                                    2011 MAY 11 PM 2:28
                                                    CLERK
                                                    SO. DIST. OF GA.
```

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. CR410-266 |
| | ) |
| BERNARD HASAN MURRAY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 30), to which no objections have been filed. After a careful de novo review, the Court concurs with the report and recommendation, with the exception of the analysis of constitutional standing. Accordingly, the report and recommendation is **ADOPTED AS MODIFIED** below and is the order of this Court. The Court finds that Defendant has standing to contest the search in this case, but that the search was nonetheless lawful. Therefore, Defendant's First Motion to Suppress is **DENIED**. (Doc. 18.)

**ANALYSIS**

1. <u>STANDING</u>

One contested issue surrounding this motion is whether a defendant has a reasonable expectation of privacy sufficient to challenge a search of a rental car he was driving with the permission of the lessee, but was not listed as an authorized

driver in the rental contract. Neither the Supreme Court nor the Eleventh Circuit has addressed this specific scenario. Based on the principles announced in cases from this circuit and others, the Court is confident that the Eleventh Circuit would adopt a totality of the circumstances test to determine whether a defendant has standing to contest a search under these circumstances.

As a starting point, the Eleventh Circuit recognizes that the driver of a borrowed vehicle does have standing to challenge a search under the Fourth Amendment. United States v. Miller, 821 F.2d 546, 548 (11th Cir. 1987). However, this conclusion does not extend to the question of standing where the borrowed vehicle has been rented by another party. For guidance in determining this issue, this Court examined the principles and holdings of an earlier Eleventh Circuit case holding that an individual named on a rental vehicle contract has a reasonable expectation of privacy in the vehicle even when he is no longer authorized to drive the vehicle because the rental contract expired four days earlier. United States v. Cooper, 133 F.3d 1394, 1402 (11th Cir. 1998). These conclusions are consistent with the widely-established Fourth Amendment principle that "[w]hile property ownership is clearly a factor to be considered in determining whether an individual's Fourth Amendment rights

2

have been violated, property rights are neither the beginning nor the end of . . . [the] inquiry." United States v. Pitt, 717 F.2d 1334, 1337 (11th Cir. 1983) (citations omitted).

Other circuits that have decided this issue are divided, employing three different approaches. In the first group, the Fourth, Fifth, and Tenth Circuits hold, as a bright-line rule, that an unauthorized driver of a rental vehicle lacks a legitimate expectation of privacy in the rental car regardless of whether he obtained permission from the lessee to use the vehicle. United States v. Seely, 331 F.3d 471, 472 (5th Cir. 2003); United States v. Edwards, 242 F.3d 928, 936 (10th Cir. 2001); United States v. Wellons, 32 F.2d 885, 887-88 (4th Cir. 1994).

In the second group, the Eighth and Ninth Circuits bestow standing on a driver of a rental car whose name does not appear on the contract as an authorized driver only if that driver has received permission to operate the vehicle from the lessee. United States v. Thomas, 447 F.3d 1191, 1197-98 (9th Cir. 2006); United States v. Best, 135 F.3d 1223, 1225 (8th Cir. 1998).

In the third and final group, the First and Sixth Circuits evaluate standing on a case-specific basis, examining the totality of the circumstances surrounding a defendant's possession of the vehicle. United States v. Smith, 263 F.3d

571, 586 (6th Cir. 2001); United States v. Sanchez, 943 F.2d 110, 113 (1st Cir. 1991). In Smith, the Sixth Circuit considered whether (1) the defendant could legally operate the vehicle and the status of his license; (2) the defendant was able to present the rental agreement and provide sufficient information about the vehicle; (3) the defendant was related to the renter or otherwise had an "intimate relationship;" (4) the defendant had permission of the authorized driver to use the rental car; and (5) the defendant had a business relationship with the rental car company and the nature thereof. Smith, 236 F.3d at 586-87.

The Court declines to adopt the hardline rule of the first group, which determines constitutional issues solely by reviewing the four corners of an agreement. While such an approach is convenient and appropriate for contract law analysis, it is not appropriate for determination of constitutional standing. Prior dicta in Supreme Court decisions "disfavors such hard-and-fast rules." United States v. Cooper, 133 F.3d 1394, 1401 (11th Cir. 1998) (citing Jones v. United States, 362 U.S. 257, 266 (1960)). Furthermore, cases within this Circuit support rejection of this rule. For example, in Cooper, the Eleventh Circuit arrived at a decision in a rental car case after "careful consideration of the circumstances" of

4

the specific facts in that scenario, which would be inconsistent with adopting an inflexible, bright-line rule. Id. at 1402. In that case, the Eleventh Circuit refused to conclude that a defendant's expectation of privacy in a rental car expired contemporaneously with the termination of the rental contract. Id. at 1398-1402. Although in a case concerning the search of physical premises, the Eleventh Circuit has also stated, as a policy matter, that "legal ownership is not a prerequisite for a legitimate expectation of privacy." United States v. Garcia, 741 F.2d 363, 365-66 (11th Cir. 1984). Basing constitutional analysis solely on the terms of a rental contract would be in conflict with the Eleventh Circuit's position that ownership of a vehicle as reflected on a car's title is not determinative of Fourth Amendment standing. Miller, 821 F.2d at 548-49. Accordingly, the Court declines to adopt such a rigid rule for application to the circumstances of this case.

The Court also refuses to apply the second test presented above, which is used by the Eighth and Ninth Circuits. In that analysis, the issue of standing hinges on whether the defendant received permission to operate the vehicle from the individual actually listed on the rental contract. The Court agrees with the report and recommendation that such a rule would mean that only a person unaware that operation of the rental vehicle

violates a rental contract, an "innocent borrower," would have standing under the Fourth Amendment. (Doc. 30 at 8.) The Magistrate Judge's hypothetical scenario[1] exemplifies why this rule, when applied in every situation, can have unexpected consequences, calling the propriety of this rule into question.

Therefore, the Court will apply the only remaining framework of analysis, the totality of the circumstances test, because it best conforms with both the policy announced by the Supreme Court and principles of prior Eleventh Circuit decisions. Under this analysis, the Court will consider whether (1) Defendant could legally operate the vehicle and the status of his license; (2) Defendant was able to present the rental agreement and provide sufficient information about the vehicle; (3) Defendant was related to the renter or otherwise had an "intimate relationship;" (4) Defendant had permission of the authorized driver to use the rental car, and, finally; (5) Defendant had a business relationship with the rental car company and the nature thereof. Smith, 236 F.3d at 586-87.

---

[1] "To consider just one possibility, assume that a person who has rented a vehicle during an out-of-town trip falls ill and is hospitalized, leaving the rental vehicle at a local motel. Would a spouse, business partner, or friend of that individual, who drives the rental car for the sole purpose of returning it to the rental company, lack a reasonable expectation of privacy in the vehicle simply because they are aware that they are not listed as an authorized driver? Cooper, which gives great emphasis to the particular circumstances of each individual case, would seem to suggest otherwise." (Doc. 30 at 8 n.7).

6

After a review of the facts of this case, the Court finds that Defendant both had a subjective expectation of privacy in the vehicle and that the expectation was one that society was prepared to recognize. First, the record indicates that Defendant possessed and produced, upon request, a valid driver's license issued by the State of Florida. (Doc. 30 at 2; Recording of Mar. 3, 2011 Evidentiary Hearing at 9:28:04.) Accordingly, his operation of the rental car, contents of the rental agreement aside, was not a violation of any criminal statute. Second, contemporaneous with the production of his driver's license, Defendant also provided a copy of the rental agreement. (Doc. 30 at 2.) Defendant explained that the vehicle was rented in the name of his friend, "Mario," which matched the name on the rental contract. (Doc. 30 at 3; Doc. 29, Attach. 1 at 1.) Third, the record establishes that the nature of the relationship between Defendant and "Mario" was more than strangers or mere acquaintances. Rather, the two were "good friends." (Recording of Mar. 3, 2011 Evidentiary Hearing at 10:09:25.) Fourth, Defendant had "Mario's" permission to drive and possess this vehicle at the time of the traffic stop. (Id. at 10:08:12.) In fact, Defendant and "Mario" agreed that, because Defendant did not have a credit card to independently facilitate the rental, Defendant would pay "Mario" for the

rental car in cash and that "Mario" would rent the vehicle in his name for Defendant's use. (Id. at 10:09:30.) Additionally, Defendant had possession and use of the rental car for more than a week prior to the arrest underlying this case. (Id. at 10:10:01.) Fifth, although Defendant's relationship with the rental car company is unknown, this factor is not dispositive to the Court's inquiry because the other factors in this totality of the circumstances test support the existence of a reasonable expectation of privacy in the rental vehicle.

## II. REASONABLENESS OF THE SEARCH

The Court concurs with the report and recommendation as to the reasonableness of the search of Defendant's rental vehicle. Observance of marijuana residue and the odor of fresh marijuana once inside the passenger compartment of the car provided sufficient probable cause to expand the scope of the search to include the trunk as well. United States v. Corley, 2011 U.S. App. LEXIS 621, at *6 (11th Cir. Jan. 6, 2011) (unpublished) ("Because the deputies smelled marijuana and found [defendant] in possession of marijuana, the totality of the circumstances supported the warrantless search of the trunk here.").

## CONCLUSION

As stated above, the Court finds that Defendant does have constitutional standing to contest the search of the rental

vehicle under these specific circumstances. However, the search of was otherwise valid. The Magistrate Judge's Report and Recommendation (Doc. 30) is **ADOPTED AS MODIFIED** above. Accordingly, Defendant's Motion to Suppress (Doc. 18) must be **DENIED**.

SO ORDERED this 11th day of May 2011.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA